PROB 12C
(6/16)

Report Date:  December 23, 2020

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2020

SEAN F. McAVOY, CLERK

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Thomas Dwain Andy          Case Number: 0980 2:07CR02039-SAB-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: October 4, 2007

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation - Assault, 18 U.S.C. §§ 1153 and 113(a)(3) | |
| Original Sentence: | Prison - 120 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (04/25/2018) | Prison - 4 months; TSR - 32 months | |
| Revocation Sentence: (01/23/2019) | Prison - 24 months; TSR - 8 months | |
| Asst. U.S. Attorney: | Ian Garriques | Date Supervision Commenced: September 11, 2020 |
| Defense Attorney: | Paul E. Shelton | Date Supervision Expires: May 10, 2021 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**: Mr. Andy is alleged to be in violation of his conditions of supervised release by not living at a residence approved by the probation officer on October 8, December 7 and 16, 2020.

Prob12C
**Re: Andy, Thomas Dwain**
**December 23, 2020**
**Page 2**

Following COVID-19 procedures, Mr. Andy's conditions were verbally reviewed with him on September 14, 2020. On October 12, 2020, he signed his conditions of supervised release acknowledging an understanding of his conditions, which includes standard condition number 5, as noted above.

On October 8, 2020, this officer contacted a relative of the offender, who reported Mr. Andy had not lived at his approved address for approximately a week.

On October 9, 2020, the undersigned conducted an unscheduled home visit, contacting the above-noted relative, and confirmed Mr. Andy no longer lived at his approved address. The undersigned requested the relative deliver reporting instructions to the offender, which they did.

On October 12, 2020, the offender made telephone contact with this officer, admitting he moved from his approved residence. When questioned where he moved, the offender could not recall the address. The undersigned officer verbally reprimanded Mr. Andy and reviewed his requirements to live at an approved address. The offender was instructed to return to his previously approved residence, which he did.

On December 7, 2020, the undersigned contacted a relative of the offender who reported Mr. Andy once again, moved out approximately 2 to 3 weeks prior to this date, which he was not authorized to do.

On December 9, 2020, an unscheduled home contact was conducted. The undersigned contacted two of Mr. Andy's relatives, who confirmed the offender was not home, nor had he been residing at the residence for the prior 2 to 3 weeks. Again, written reporting instructions were provided to Mr. Andy's relative, instructing the offender to report, which were provided to the offender by this relative.

On December 10, 2020, Mr. Andy reported to the undersigned officer, verbally admitting he had changed his living arrangements without notice. On this date, the offender reported after an argument at home, he made the decision to reside in the community as homeless. After a brief verbal intervention, Mr. Andy committed to returning home, which he did.

On December 16, 2020, the undersigned contacted Mr. Andy, who reported he remained at his approved address. On this same date, the undersigned contacted a relative of the offender for follow up, who reported Mr. Andy returned home only for 1 day, leaving once again. Mr. Andy failed to respond to this officer's attempt to reach him by telephone. As of the writing of this report, the offender's living arrangements and whereabouts are unknown.

2          **Standard Conditions #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Andy is alleged to be in violation of his conditions of supervised release by failing to report to the probation officer as directed on October 5 and 8, and December 8 and 21, 2020.

Prob12C
**Re: Andy, Thomas Dwain**
**December 23, 2020**
**Page 3**

Following COVID-19 procedures, Mr. Andy's conditions were verbally reviewed with him on September 14, 2020. On October 12, 2020, he signed his conditions of supervised release acknowledging an understanding of his conditions, which includes standard condition number 2, as noted above.

On October 2, 2020, the undersigned officer called Mr. Andy, leaving a voicemail instructing the offender to report by October 5, 2020, which he failed to do.

On October 7, 2020, the undersigned officer called Mr. Andy, leaving a voicemail instructing the offender to report by noon on October 8, 2020, which he failed to do.

On December 7, 2020, the undersigned officer called the offender, leaving a voicemail instructing the offender to report by 4 p.m. on December 8, 2020, which he failed to do.

On December 16, 2020, during a telephone contact with the offender, Mr. Andy was provided reporting instruction for December 21, 2020, on which he failed to report.

3   **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Andy is alleged to have violated his conditions of supervised release by failing to attend drug and alcohol treatment on December 10, 2020.

Following COVID-19 procedures, Mr. Andy's conditions were verbally reviewed with him on September 14, 2020. On October 12, 2020, he signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 3, as noted above.

On September 30, 2020, Mr. Andy's drug and alcohol treatment provider at Merit Resource Services (Merit) confirmed the offender left a voicemail requesting a drug and alcohol assessment. The provider reported having difficulty making contact with Mr. Andy for follow up. As noted in violation number 2, follow up with Mr. Andy was difficult at this time.

On October 12, 2020, the undersigned officer made telephone contact with Mr. Andy. On this date, this officer confronted Mr. Andy about his lack of progress completing his drug and alcohol assessment. Mr. Andy was provided dates, times and a deadline for completing his assessment at Merit, which was completed on October 21, 2020.

On December 2, 2020, Mr. Andy's file at Merit was closed due to lack of reporting by the offender. On December 10, 2020, Mr. Andy verbally admitted he stopped attending drug and alcohol treatment because he felt treatment had become repetitive. On this date, the undersigned officer instructed Mr. Andy to return to drug and alcohol treatment, which he failed to do. As of the writing of this report Mr. Andy's file at Merit remains closed.

**Prob12C**
**Re: Andy, Thomas Dwain**
**December 23, 2020**
**Page 4**

4        **Special Condition #5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Andy is alleged to have violated his conditions of supervised release by consuming alcohol on or about December 10, 2020.

Following COVID-19 procedures, Mr. Andy's conditions were verbally reviewed with him on September 14, 2020. On October 12, 2020, he signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 5, as noted above.

On December 10, 2020, Mr. Andy verbally admitted he had consumed alcohol on an undisclosed number of occasions since his release. When confronted by the undersigned about his decision, Mr. Andy replied "I just like to drink."

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 23, 2020

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

---

THE COURT ORDERS

[  ]   No Action
[X]   The Issuance of a Warrant
[  ]   The Issuance of a Summons
[  ]   Other

Signature of Judicial Officer

12/28/2020

Date